UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

SARIVE KUBENGANA,

        Petitioner,

v.

KEVIN RAYCRAFT et al.,

        Respondents.

_____/

Case No. 1:26-cv-1704

Honorable Jane M. Beckering

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 2.) For the following reasons, the Court will grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## **Discussion**

### I.    **Procedural History**

Petitioner initiated this action in the United States District Court for the Eastern District of Michigan. (Pet., ECF No. 2.) In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, order Respondents to release Petitioner or order Respondents to conduct a bond hearing to satisfy the requirements of due process. (*Id.*, PageID.16–17.) The Eastern District of Michigan then transferred the action to this Court. (ECF No. 4.)

In an Order entered on June 2, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 8.) Respondents filed their response on June 5, 2026. (ECF No. 9.)

## II.    Relevant Factual Background

Petitioner is a native and citizen of the Democratic Republic of the Congo (DRC). (Pet., ECF No. 2, PageID.4, 6.) Petitioner entered the United States in 2017 when he was admitted as a refugee. (*Id.*, PageID.7; Shaver Decl. ¶ 4, ECF No. 9-1, Page 2.)

On November 8, 2019, Petitioner was convicted of first degree criminal sexual conduct and sentenced to a term of 646 days to five years in prison. (Pet., ECF No. 2, PageID.7–8; Shaver Decl. ¶ 10, ECF No. 9-1, Page 3.) On June 10, 2024, Petitioner was arrested in Ohio. (Shaver Decl. ¶ 12, ECF No. 9-1, PageID.3.) On September 23, 2024, ICE agents detained Petitioner pursuant to an immigration detainer that was placed on Petitioner while he was in jail in Ohio. (*Id*. ¶ 13.)

On September 15, 2025, an Immigration Judge at the Cleveland Immigration Court ordered that Petitioner be removed from the United States to the DRC, or alternatively, to Uganda. (*Id*. ¶ 22, Page 4.) Both parties waived the right to appeal that order. (*Id*.)

On January 9, 2026, ICE submitted a travel document request to the DRC government. (*Id*. ¶ 27.) On May 29, 2026, ICE sent an email to the DRC Embassy requesting an update on the travel document request but received no response. (*Id*. ¶ 33, Page 5.)

## III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in

2

immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV.    Merits Discussion

The parties agree that because Petitioner has a final order of removal, Petitioner's present detention is governed by 8 U.S.C. § 1231. (*See* Pet., ECF No. 2, PageID.13–14; Resp., ECF No. 9, Page 5.) However, Petitioner contends that his current detention is unlawful and violates the Due Process Clause of the Fifth Amendment. (*See* Pet., ECF No. 1, PageID.10–14.) In response, Respondents argue that Petitioner's continued detention under 8 U.S.C. § 1231(a) remains lawful and does not implicate the constitutional concerns identified in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).[1] (*See* Resp., ECF No. 4, Page 5–9.)

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). Here, as noted above, Petitioner's order of removal became final in 2025. The 90-day removal period following the order expired well before Petitioner filed the present action. *See id.* § 1231(a)(1) ("The [90-day] removal period begins on . . . [t]he date the order of removal becomes administratively final.").

In *Zadvydas v. Davis*, the Supreme Court held that following the removal period, the Government may continue to detain the noncitizen for a "presumptively reasonable period" of time, which the Supreme Court concluded equaled a total of six months in detention. *See Zadvydas*, 533 U.S. at 701. Following that six-month period, "once [a noncitizen] provides good reason to

---

[1] Although Respondents indicate that Petitioner has past criminal convictions, Respondents do not assert that they are currently detaining Petitioner under any mandatory detention provisions due to Petitioner's past criminal convictions.

believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*[2] "[O]nce [a noncitizen's] removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

In this case, Petitioner's order of removal became administratively final when it was entered on September 15, 2025, and Petitioner waived his right to appeal. (Shaver Decl. ¶ 22, ECF No. 9-1, Page 4.) Petitioner has been in ICE custody since that order of removal was entered, more than nine months ago. (Pet., ECF No. 2, PageID.4.)

Petitioner argues that his removal is not reasonably foreseeable. (*Id*., PageID.5.) In response, Respondents assert that Petitioner has failed to show that there is no significant likelihood of removal in the reasonably foreseeable future and contend that ICE is "actively working to remove Petitioner." (Resp., ECF No. 9, Page 7, 8.) In support of that contention, Respondents state that they requested travel documents from the government of the DRC on January 9, 2026, and attempted to contact the Embassy of the DRC on May 29, 2026, to request an update. (*Id*., Page 8–9.) Although ICE requested travel documents from the government of the DRC on January 9, 2026, and requested a status update from the DRC Embassy on May 29, 2026, there is no indication in the record presently before the Court that ICE has received any response from the government of the DRC. (Shaver Decl. ¶¶ 27, 28, ECF No. 9-1, Page 4, 5.)

---

[2] The Court notes that the Supreme Court recently held that § 1231(a)(6) does not require the "Government to offer detained noncitizens bond hearings after six months of detention in which the Government bears the burden of proving by clear and convincing evidence that a noncitizen poses a flight risk or a danger to the community." *See Johnson v. Arteaga-Martinez*, 596 U.S. 573, 576 (2022). The Court, however, did not reach Arteaga-Martinez's constitutional or *Zadvydas* claims, concluding that such claims were not properly before the Court. *See id.* at 583–84.

Under these circumstances, the Court concludes that the fact that the government has been unable to acquire a travel document to effect Petitioner's removal for the past nine months, despite making an attempt to do so five months ago, provides "good reason" to believe that "there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Because Petitioner has met his burden, Respondents must respond with evidence sufficient to rebut that showing. *Id.* Respondents assert that "ICE is actively working to remove Petitioner," citing the aforementioned efforts on January 9, 2026, and May 29, 2026. (Resp., ECF No. 9, Page 8–9.) But Respondents provide no information about any timeline for the receipt of Petitioner's travel documents. Under these circumstances, Respondents have failed to respond with sufficient evidence to rebut Petitioner's showing that there is a "good reason to believe" that Petitioner will not be removed in the "reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. The Court, therefore, will grant Petitioner's § 2241 petition.

## V.    Other Claims and Other Forms of Relief

Because the Court will grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## VI.    Proper Respondents

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action. They seek the dismissal of the other named Respondents. The Court concludes that the ICE Detroit Field Office Director is not the only proper Respondent for the reasons set forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128,

at *9–10 (W.D. Mich. Dec. 12, 2025). To ensure that this Court's orders regarding habeas relief will bind at least one Respondent with authority to act in the event that Petitioner is transferred outside the area under the authority of the ICE Detroit Field Office, the Court will retain all of the remaining Respondents.

### Conclusion

For the reasons discussed above, the Court will enter a Judgment granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 2.) The Court will order Respondents to release Petitioner from detention, subject to any conditions of release that existed prior to Petitioner's present detention. The Court will also order Respondents to file a status report within five days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment.


Dated:  June 23, 2026          /s/ Jane M. Beckering
                               Jane M. Beckering
                               United States District Judge